IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSÉ GONZÁLEZ-CIRINO,
*Petitioner,*

v.

UNITED STATES OF AMERICA,
*Respondent.*

CRIM. NO.: 19-154 (FAB)
CIVIL NO.: 22-1610 (FAB)

### MOTION FOR ORDER CLARIFYING THE SCOPE OF ANY GOVERNMENT SUR-REPLY

TO THE HONORABLE COURT:

Petitioner José González-Cirino, through undersigned counsel, respectfully moves the Court to clarify the scope of its order inviting a government sur-reply. DE-32.

1. On May 12, 2023, Mr. González filed his amended petition under 28 U.S.C. § 2255 with an incorporated memorandum of law. DE-18. It seeks relief based on two grounds: first, that Mr. González's § 924(c) conviction is no longer lawful under *United States v. Taylor*, 142 S. Ct. 2015 (2022); second, plea counsel failed to adequately advise Mr. González on his appellate rights and failed to timely file a notice of appeal.

2. After a three-month assessment of Mr. González's claims, the government filed its answer on August 22, 2023. DE-26. The government asked "the Court grant in part his motion and schedule further proceedings in the criminal case." DE-26 at 1. The government's answer proposed a partial granting of relief that would authorize it to re-prosecute dismissed charges while maintaining Mr. González's guilty plea on Count 2 and seeking a higher sentence on that count. DE-26 at 4-5. The government also argued it preferred relief on Ground 1 of Mr. González's motion because granting relief on Ground 2 "would only delay the inevitable, that the Court of

Appeals return the case to this Court so that it may resentence González upon the unbundling of his sentencing package." DE-26 at 7.

3. Mr. González then filed a reply on September 26, 2023. DE-32. Consistent with Habeas Rule 5(d) and D.P.R. Loc. R. 7(c), Mr. González's reply responded directly to the new matter raised by the government. First, he argued this Court should reject the government's assertion it can re-prosecute charges dismissed with prejudice pursuant to a plea agreement mandating dismissal. DE-32 at 2-6. Second, he argued this Court should reject the government's assertion it can seek sentencing enhancements or variances at a further hearing. DE-32 at 6-9. Finally, Mr. González disagreed with the government's statement that relief on Ground 2 "would only delay the inevitable." DE-32 at 9. Instead, he argued if this Court were contemplating adoption of either of the government's claims regarding re-prosecution or higher-sentence seeking, it should grant relief on Ground 2 instead. DE-32 at 9-10.

4. Mr. González's reply added, in his prayer for relief, that this Court should deem any unraised government arguments waived, and asked—should the Court deny relief—for a certificate of appealability on all issues raised since the government agrees Count 5 must be vacated, does not dispute counsel was ineffective, and resorts to out-of-circuit cases as to the choice of remedy. DE-32 at 10.

5. The day after Mr. González's reply, this Court issued the following minute order: "ORDER re [32] Reply to Motion. The government may file a sur-reply no later than October 10, 2023." DE-33.

6. We respectfully request clarification on the scope of the Court's permissive sur-reply order. To date, the parties briefing has adhered to 28 U.S.C. § 2255 sequencing, with the filing of

a motion, answer, and reply. *See* Rules Govering Section 2255 Proceedings, Rule 3, 5. Rule 3 structures the motion for relief and Rule 5 the answer and reply. And D.P.R. Local Rule 7(d) proscribes sur-replies "unless the reply raises new arguments not previously presented in the movant's opening motion." The sur-reply rule indicates that "[a]ny portion of the surreply which does not strictly comply with this limitation shall be stricken from the record." D.P.R. Loc. R. 7(d).

7. Since Mr. González's reply closely adhered to D.P.R. Loc. Rule 7(c), the record reflects a limited basis for a sur-reply at this stage. Mr. González's reply addresses (1) the government's claimed right to re-prosecute dismissed charges, (2) the government's claimed right to seek a higher sentence on Count 2, and (3) the government's preference for the court to grant relief on Ground 1 rather than Ground 2.

8. Nevertheless, Mr. González understands that his reply could plausibly be interpreted as introducing one new argument: that if relief is denied, the Court should issue a certificate of appealability on all issues. DE-32 at 10.

9. Therefore, in order to facilitate expeditious and fair resolution of this case, it is respectfully requested that this Court issue and order clarifying the scope of any sur-reply that will be allowed. A sur-reply should be limited to addressing the only argument that's conceivably new in the reply: whether a certificate of appealability should issue. Otherwise, if there is not a basis for an evidentiary hearing or oral argument, it is respectfully requested that the Court adjudicate the present controversy "on the basis of facts and arguments pro and con adduced by the parties." *McNeil v. Wisconsin*, 501 U.S. 171, 181 n.2 (1991).

**WHEREFORE,** Mr. González-Cirino respectfully moves the Court to note and grant this motion and clarify what, if any, issues may be addressed in a government sur-reply. That scope should be strictly limited to whether a certificate of appealability should issue if relief is denied.

Respectfully Submitted.                October 2, 2023

**RACHEL BRILL**
Federal Public Defender

**S/KEVIN E. LERMAN\***
Appellate Attorney
USDC-PR No. G03113
241 F.D. Roosevelt Ave., San Juan, P.R.
Tel. (787) 281-4922, Fax (787) 281-4899
E-mail: Kevin_Lerman@fd.org

\***CERTIFICATION**: I ECF-filed this motion notifying the parties.