**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

JOSE GONZÁLEZ-CIRINO,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

**CIVIL NO. 22-1610 (FAB)
(Related to Cr. 19-154-1 (FAB)**

**UNITED STATES' RESPONSE TO PETITIONER'S SECOND MOTION TO SET
HEARING AND ORDER FURTHER RELIEF**

The United States of America responds to Petitioner José González-Cirino's second motion to set hearing and request for order returning Petitioner to the District, or alternatively, his release on bail pending resolution of his 28 U.S.C. § 2255 petition. The United States has no objection to Petitioner's request for a hearing and transfer to this District. However, the United States opposes release on bail. In support, the Respondent states as follows:

1.      In its response to González-Cirino's petition, the government agreed that under *United States v. Taylor,* 596 U.S. 845 (2022), González-Cirino was entitled to vacation of Count Five, his § 924(c) count of conviction which, under the parties' plea agreement, relied on attempted Hobbs Act robbery as the sole predicate crime of violence. (ECF No. 26). But the government argued that González was not entitled to a reduction of his imprisonment term, to wit, bringing his total imprisonment term of 108 months to 24 months. (*Id.*).

2.      González-Cirino now contends that because he has served the 24-month term for his attempted Hobbs Act conviction, he is now serving an unlawful sentence. (ECF No. 39). That is not correct. As the government argued in its opposition, once González-Cirino's § 924(c) conviction is vacated, the government may seek to reinstate charges that it relinquished

in connection with the plea. *See* 18 U.S.C. § 3296 (extending the statute of limitations to allow the government to move to reinstate counts dismissed pursuant to a plea agreement within 60 days of the date on which the order vacating the guilty plea becomes final); *United States v. Bunner*, 134 F.3d 1000, 1004-05 (10th Cir. 1998) (government's plea agreement obligations become dischargeable if conviction is vacated); *United States v. Moulder*, 141 F.3d 568, 571-72 (5th Cir. 1998) (same).[1] Alternatively, the government argued that even if it forwent reinstating dismissed charges, the Court was free on resentencing to "effectuate its original sentencing intentions" by increasing the sentence on the surviving count to match the original sentence. (ECF No. 26) (citing *United States v. Brown*, 26 F.4th 48, 59-60 (1st Cir. 2022) (internal quotation marks, alteration, and citation omitted) (describing precisely this outcome in *United States v. Pimienta-Redondo*, 874 F.2d 9, 16 (1st Cir. 1989) (*en banc*))).

3.      Should the Court resentence González-Cirino solely for his attempted Hobbs Act conviction, his guideline calculations would be significantly higher. González-Cirino's original calculations did not encompass an enhancement for the use of firearms because of his § 924(c) conviction. That enhancement would now be added. (*See* Crim. Case No. 19-154, ECF No. 300 (plea agreement for co-defendant [4] Egadier Omar Díaz-Andrades)).

4.      Finally, González-Cirino's breach contentions rely on an inapposite example. (ECF No. 39 at 2). At a resentencing the government would not be advocating for enhancements in breach of the plea agreement. Rather, the government would be seeking to

---

[1] In its sur-reply, the government relied on additional caselaw. (ECF No. 36) (citing *United States v. Whidbee*, 2023 U.S. Dist. LEXIS 55736 (S.D.N.Y. Mar. 30, 2023) (holding that § 3296(a)(3) independently allowed for reinstatement of dismissed charges pursuant to plea agreement after the defendant moved to vacate his § 924(c) conviction) (citing *Ricks v. United States*, 921 F. Supp. 2d 501, 503 (E.D.N.C. 2013)); *United States v. Moore*, 802 Fed. Appx. 338, 342 n.3 (10th Cir. 2020) (nothing that upon the district court's order vacating Moore's § 924(c) conviction, the government could move to reinstate the counts dismissed per the plea agreement)).

enforce the intent of the parties in negotiating the plea agreement, a total term of imprisonment of 108 months. It was, after all, in consideration of González-Cirino's guilty plea to his two counts of conviction that the government agreed to dismiss the remaining counts in the Indictment. (*See* Crim. Case No. 19-154, ECF No. 242 at 8). And González-Cirino agreed to waive his right to appeal if he was sentenced to 114 months or less. (*Id.* at 5). Moreover, González-Cirino's plea agreement contained a "Breach and Waiver" clause pursuant to which any breach by him resulted in his waiver of "any objection to the reinstatement of any charges under the Indictment." (*Id.* at 8).

**WHEREFORE**, the government respectfully requests that the Court take notice of the aforementioned and deny González-Cirino's request for bail.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 14th day of May, 2025.

W. STEPHEN MULDROW
United States Attorney

/s/ Mariana E. Bauzá-Almonte
Mariana E. Bauzá-Almonte – G00309
Assistant United States Attorney
Chief, Appellate Division
United States Attorney's Office
Torre Chardón, Suite 1201
350 Carlos Chardón Ave.
San Juan, Puerto Rico 00918
Tel. (787) 766-5656

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of May 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties in this case.

/s/ Mariana E. Bauzá-Almonte
Assistant United States Attorney