IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSÉ GONZÁLEZ-CIRINO,<br><br>**Petitioner,**<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>**Respondent.** | **Civil No.** 22-1610 (FAB)<br>related to<br>**Criminal No.** 19-0154 [1] (FAB) |

**OPINION AND ORDER**

BESOSA, Senior District Judge.

Before the Court is petitioner José González-Cirino ("González")'s *pro se* motion to vacate his judgment in Criminal Case No. 19-154 pursuant to Title 28 U.S.C. § 2255 ("section 2255") and his amended petition under section 2255. (Civil Docket No. 1; Civil Docket No. 18.)  For the reasons set forth below, González's petition is **GRANTED**.

I.  Background

On March 3, 2022, González pled guilty to attempting to interfere with commerce by robbery and aiding and abetting in violation of 18 U.S.C. §§ 1951 and 2 (hereinafter, "Count Two" or "attempted Hobbs Act robbery"), and possessing and brandishing a firearm in furtherance of a crime of violence, as charged in Count Two, in violation of 18 U.S.C. § 924(c) ("Count Five").  (Criminal Docket Nos. 241-43.)  González, along with four other defendants,

Civil No. 22-1610 (FAB)                                                 2

attempted to unlawfully take property (motorcycles) from Evinmotors in the presence of a security guard, against his will by means of actual and threatened force, violence, and fear of injury, by threatening the security guard with a firearm and tying him up in an attempt to commit the robbery. (Criminal Docket No. 18 at 2.)  According to the indictment, González possessed and brandished a firearm in his attempt to commit the robbery. Id. at p. 4.

During plea negotiations, González accepted an offense level of 20 with no additional enhancements, and a three-level reduction for acceptance of responsibility, for a total offense level of 17 for Count Two.  (Criminal Docket No. 242 at 4.) Additionally, he accepted the government's recommendation of a consecutive sentence of 84 months for Count Five.  Id. at p. 5. González also agreed to waive his right to appeal any aspect of the judgement and sentence if the Court sentenced him to 114 months or less.  Id.  At sentencing, the government argued for a sentence of 108 months of imprisonment[1], which the Court ultimately imposed. (Criminal Docket No. 343.)  The Court also reminded Díaz that he had entered into a plea agreement and had waived his right to

---

[1] González was sentenced to 24 months of imprisonment under Count Two and 84 months of imprisonment under Count Five, to be served consecutively to each other.

Civil No. 22-1610 (FAB)                                                      3

appeal. Id. The Court informed González that should he wish to proceed with an appeal anyway he must file a notice of appeal within 14 days of the date judgment was entered. Id. If he wished to appeal, the Clerk of the Court would prepare and file a notice of appeal on his behalf. Id. González did not appeal.

On December 6, 2022, González filed a section 2255 petition alleging that his conviction under section 924(c) was unlawful because it was based on an attempted Hobbs Act robbery, which is no longer considered a crime of violence pursuant to United States v. Taylor, 596 U.S. 845 (2022). (Docket No. 1.) He also argues that he received ineffective assistance of counsel. Id. On December 9, 2022, the Court appointed the Federal Public Defender to represent González. (Docket No. 6.) On May 12, 2023, González filed an amended petition under section 2255. (Docket No. 18.) On August 22, 2023, United States responded and on September 26, 2023, González filed a reply. (Docket Nos. 26, 32.) On October 10, 2023, the government filed a surreply. (Docket No. 36.) On April 9, 2025, González filed a second motion requesting a hearing and an order to return him to Puerto Rico or alternatively grant him bail; the Court granted his request for a hearing and ordered González be brought to the district. (Docket Nos. 39, 46.) On June 30, 2025, the Court called the case for a

motion hearing, but it was not held because the United States Marshal Service failed to bring González back to Puerto Rico.

## II. Legal Standard

A person may move to vacate his or her sentence pursuant to section 2255 on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); see Knight v. United States, 37 F.3d 769, 772 (1st Cir. 1994). The burden is on the section 2255 petitioner to establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. David v. United States, 134 F.3d 470, 474 (1st Cir. 1998); United States v. DiCarlo, 575 F.2d 952, 954 (1st Cir. 1978).

When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). "Evidentiary hearings on section 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is

warranted.  An evidentiary hearing is not necessary when a [section] 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case." Moreno-Morales v. United States, 334 F.3d 140, 145 (1st Cir. 2003) (citation omitted).

### III. Discussion

#### A. Request to Vacate Count Five

González filed a section 2255 motion (Civil Docket No. 1) as well as an amended petition (Civil Docket No. 18) where he expands on the claims set forth in his initial petition.  González primarily argues that his conviction under section 924(c) is unlawful because an attempted Hobbs robbery is no longer considered a crime of violence under Taylor.  (Civil Docket No. 1.)  González also alleges his counsel was ineffective because he failed to file an appeal with this argument.  Id.  In his amended petition, González specifies that any procedural failures should be excused because of the ineffective assistance of his counsel.  That is, had his attorney not been ineffective, his conviction would have been vacated.  (Civil Docket No. 18.)  He also argues that he did not waive his right to bring this challenge under the plea agreement's waiver provision.  Id.

Civil No. 22-1610 (FAB)                                                6

    The United States responded to González's amended petition on August 22, 2023 (Civil Docket No. 26,) and to his second motion for setting a hearing on May 14, 2025. (Civil Docket No. 45.)  In its reply to his section 2255 petition, the government agrees that González's conviction under section 924(c) should be vacated.  (Docket No. 26 at p.5.)  The government also argues the ineffective assistance of counsel claim is moot because it is not raising a defense of procedural default.  Id. at p. 7.  Because there is no dispute that the sentence and conviction of Count Five can be vacated, the Court **GRANTS** the request to vacate the conviction under section 924(c).  What the remedy should be, however, needs to be determined.

 **B. Remedy**

    González argues that he should be released because he has already completed his sentence of 24 months for Count Two, and that he should be permitted to start his supervised release term. (Civil Docket No. 32 at pp. 6-9; Civil Docket No. 39 at pp. 1-2.) The government requests that the Court allow it to reinstate the dismissed charges pursuant to the plea agreement.  (Civil Docket Nos. 26, 45.)

  When a federal prisoner successfully challenges under section 2255 one or more of his convictions or sentences as invalid, the Court shall first vacate and set the judgment aside.  28 U.S.C.

§2255(b). The court also has discretion to choose among four remedies: (1) discharge the petitioner, (2) resentence him or her, (3) grant him or her a new trial, or (4) correct his or her sentence. Id.; see also United States v. Torres-Otero, 232 F.3d 24, 30 (1st Cir. 2000) (noting that district courts are traditionally afforded broad leeway in the exercise of its section 2255 authority); United States v. Peña, 58 F.4th 613, 620 (2d Cir. 2022); Troiano v. United States, 910 F.3d 1082, 1087 (9th Cir. 2022) ("[T]he decision to unbundle a sentencing package – that is, to conduct a full resentencing on all remaining counts of conviction when one or more counts of a multi-count conviction are undone – rests within the sound discretion of the district court.").

### 1. *Reinstatement of Dismissed Charges*

The government makes two arguments in favor of reinstatement of the dismissed charges: (1) González breached the plea agreement by moving to vacate his guilty plea, which allows the government to reinstate the dismissed charges (Civil Docket No. 26 at p. 5-6); or (2) the government can reinstate the dismissed charges pursuant to 18 U.S.C. § 3296. (Docket No. 45.) It argues that if the Court vacates Count Five, it can reinstate the charges that were dismissed pursuant to the plea agreement. Alternatively, the government could request the same sentence

Civil No. 22-1610 (FAB)                                                    8

because without the section 924(c) conviction, it could add enhancements to the offense levels for possession of a firearm in addition to the enhancements he already received for carjacking and kidnapping. (Civil Docket No. 26 at p. 6.)

González argues that he did not breach the plea agreement because he is only attacking his section 924(c) conviction and not the plea agreement. (Docket No. 32 at p. 3.) Therefore, the Court should only vacate the sentence for Count Five and otherwise leave the rest of the plea agreement and sentence on the remaining count. González cites United States v. Barron, 172 F.3d 1153 (9th Cir. 1999) to support his argument. González also argues that the government failed to reserve any right to re-prosecute the dismissed charges, and allowing it to do so would breach the plea agreement and would constitute double jeopardy. Id.

When interpreting a plea agreement and determining whether a breach occurred, the Court applies basic contract principles. United States v. Newbert, 504 F.3d 180, 185 (1st Cir. 2007). Any ambiguities are construed against the government. United States v. Giorgi, 840 F.2d 1022, 1026 (1st Cir. 1988) ("[W]e find that the costs of an unclear agreement must fall upon the government . . . . [W]e hold that the government must shoulder a greater degree of responsibility for lack of clarity in a plea agreement."). This is so because "what is at stake for the

defendant is his liberty . . .[w]hat is at stake for the government is its interest in securing just punishment for violation of the law and its interest that an innocent act not be punished at all." Newbert, 504 F.3d at 187.

González's plea agreement states that "defendant will have breached the Plea Agreement if [he] . . . attempts to withdraw the guilty plea. (Criminal Docket No. 241 at p. 8.)  It is not clear, however, if an attempt to withdraw a guilty plea includes a withdrawal of a conviction and sentence under section 2255 for conduct that is no longer illegal.  In Newbert, the First Circuit Court of Appeals stated that when a plea agreement does not define what entails a breach, it is ambiguous and this ambiguity must be construed against the government.  504 F.3d at 184-85.  As a result, Newbert held that when a defendant successfully withdraws a guilty plea based on post-plea evidence of actual innocence, he does not breach the plea agreement.  Id. at 185-87.  We reach the same conclusion here.  "To seek to set aside a conviction for conduct that is innocent is neither to breach nor to repudiate the agreement." Barron, 172 F.3d at 1158.  Therefore, the Court agrees with González that when a motion to vacate asserts that a count of the agreement is void as a matter of law, he is not attacking the plea agreement.  This is further supported because González is not stating that his plea was not knowing or voluntarily, nor is he

Civil No. 22-1610 (FAB)                                                    10

recanting his admissions.  González is merely claiming that after Taylor the act that formed the basis for his conviction was no longer a crime.  Because González is only attacking his section 924(c) conviction, he did not breach the plea agreement.

While there is no breach, we must now determine the effect that vacating one count of conviction has on the remainder of the plea agreement.  The First Circuit Court of Appeals has not specifically weighed in on the matter.  Other circuit courts of appeal have done so, but have approached the issue differently. Some courts have determined that the plea agreement can be enforced against the government with respect to the dismissed counts.  See United States v. Sandoval-Lopez, 122 F.3d 797 (9th Cir. 1997) (applying "standard contract-law principles" to find that the government could not prosecute defendants for charges it dismissed after the related firearm convictions were vacated on collateral review); United States v. Petties, 42 F.4th 388 (4th Cir. 2022) (stating that the government was on notice about possible changes in the law and did not contract for rights to prosecute defendant on dismissed charges).  Other courts have held that when a court vacates a conviction and discharges a defendant from his obligations, the court frustrates the purpose of the agreement, and the parties are no longer bound by it.  See United States v. Bunner, 134 F.3d 1000, 1005 (10th Cir. 1998) ("A basic assumption

Civil No. 22-1610 (FAB)                                                 11

underlying the parties' purposes was their belief that the conduct Defendant pled guilty to amounted to a violation of section 924(c). Absent this assumption, neither party would have entered into [the plea agreement]."); United States v. Jones, 100 F.4th 103, 110 (2d Cir. 2024) ("Allowing [the defendant] to secure the benefits of the plea agreement while disclaiming its burdens would undermine the purpose of the plea-bargaining process.").

As stated above, there is no binding precedent in the First Circuit, but the First Circuit Court of Appeals has previously stated that "[c]ontracts may fail for a variety of reasons, including mistake, impracticability of performance, and frustration of purpose." Newbert, 504 F.3d at p. 187 n.6 (citing Restatement (Second) of Contracts §§ 152, 261, 265 (1981)). These contract law principles run parallel to the reasons for which a court may decide that the government or defendant is not in breach of a plea agreement. See, e.g., United States v. Bradley, 381 F.3d 641, 648 (7th Cir. 2004) (invalidating plea agreement based on mutual mistake); Bunner, 134 F.3d at 1004-05 (invalidating plea agreement based on frustration of purpose). Therefore, this Court will apply the frustration doctrine and determine if vacating González's conviction and sentence on Count Five relieves the government from its obligations under the plea agreement, allowing them to reinstate the charges.

Civil No. 22-1610 (FAB)                                          12

"Frustration of purpose is a doctrine that comes into play when the non-occurrence of the frustrating event was a basic assumption on which the contract was made." United States v. Mejía, 55 F.4th 1, 8 (1st Cir. 2022) (citing Restatement (Second) of Contracts, § 265 (Am. L. Inst. 1981)).  The occurrence of the frustrating event must not have been reasonably foreseeable, and its occurrence must entirely or substantially destroy the overall purpose of the contract, thus excusing the parties from further performance.  SMS Fin. Recovery Servs. V. Samaritan Senior Village, Inc., 145 F.4th 39, 45 (1st Cir. 2025).  Here, both parties assumed that it was a basic assumption that González's underlying conduct amounted to a violation of section 924(c).  Indeed, the Court could not enter judgment on his plea absent a finding that a factual basis existed to uphold a section 924(c) conviction.  Whether the intervening change of law was reasonably foreseeable is a different matter.  As González points out, the U.S. Department of Justice "entered this plea and proceeded to sentencing in 2022 even as it argued Taylor before the U.S. Supreme Court just months earlier." (Docket No. 32 at p. 5.)  In fact, Taylor was decided eleven days after the Court entered judgment in this case.  See Criminal Docket No. 18.  The government does not contest this statement.  The Court finds that the change in the law was reasonably foreseeable, and the government cannot claim frustration of purpose.  Therefore, the

Civil No. 22-1610 (FAB)                                             13

government cannot reinstate the charges based on this argument.[2] Cf. Bunner, 134 F.3d at 1004.

The government next argues that it can reinstate the dismissed charges based on 18 U.S.C. § 3296. Section 3296 provides that the dismissed charges "shall be reinstated by the District Court" if the charges were (1) filed within the applicable limitations period, (2) dismissed pursuant to a plea agreement approved by the Court, (3) the guilty plea was subsequently vacated on the motion of the defendant, and (4) the government moves to reinstate the charges within 60 days. González argues that section 3296 does not apply because he did not vacate his guilty plea. Whether section 3296(a) requires that the entire guilty plea be vacated, or if vacating one count of conviction is enough, has not yet been decided by the First Circuit. The Court, however, agrees with González. As discussed above, the Court is not setting aside the plea agreement.[3] This is not a situation where all the charges to which González pled guilty to were vacated and rendered the plea meaningless. See Pérez v. United States, 2025 WL 2062562, at *13 (W.D.N.Y. July 22, 2025). González is still guilty as to Count

---

[2] It is worth noting that the government included other predicate offenses for the Count Five, section 924(c), conviction of González's co-defendants. See Criminal Docket Nos. 116-23.

[3] Additionally, neither the government nor González argue that vacating Count Five voids the plea agreement.

Civil No. 22-1610 (FAB)                                                14

Two, the attempted Hobbs Act robbery, which remains as a viable conviction.

### 2. Sentence

González would have the Court keep the same sentence – 24 months - for Count Two, which he has completed, and allow him to start his supervised release term if the Court grants his request to vacate Count Five.  The Court does not find this position persuasive.  "When a defendant is found guilty on a multicount indictment, there is a strong likelihood that the district court will craft a disposition in which the sentences on the various counts form part of an overall plan." United States v. Pimienta-Redondo, 874 F.2d 9, 14 (1st Cir. 1989).  González argues that Pimienta-Redondo is not applicable because the "sentencing package" concept underlying that case does not extend to convictions through a plea agreement. See Civil Docket No. 32 at pp.6-9.  The Court disagrees.  The plea agreement itself contemplates a total sentence of 114 months and that if González received a sentence above 114 months, he could appeal. Furthermore, the Sentencing Guideline range González faced on Count Two was lower than it would have been if he had not been charged under section 924(c).  See U.S.S.G. § 2k2.4 app. Note 4 (2021).  This shows the interrelatedness of the sentences and that his sentence must be viewed as one aggregate sentence.  See United

Civil No. 22-1610 (FAB)                                                    15

States v. Brown, 26 F.4th 48, 63 (1st Cir. 2022)  "When the conviction on one or more of the component counts is vacated, common sense dictates that the judge should be free to review the efficacy of what remains in light of the original plan, and to reconstruct the sentencing architecture . . . within applicable constitutional and statutory limits, if that appears necessary in order to ensure the punishment still fits both crime and criminal." Id. at 59.  Therefore, the proper remedy is to hold a *de novo* resentencing hearing, where the Court can determine whether the 24-month sentence without the 84-month consecutive sentence fulfills the sentencing factors under 18 U.S.C. §3553(a).  See United States v. Hall, 58 F.4th 55, (2d Cir. 2023) (remanding case for resentencing after section 924(c) conviction and sentence was vacated to determine whether the originally imposed sentence on the remaining valid counts fulfill the purpose of sentencing). The Court notes that a resentencing on Count Two to effectuate the intentions of the original sentencing package would not constitute double jeopardy because "a defendant has no legitimate expectation of finality for double-jeopardy purposes even where [he] served the entirety of a constituent sentence in a sentencing package." Brown, 26 F.4th at 61 (collecting cases from other circuit courts). "A full resentencing to restructure the original sentencing package does nothing more than put the defendant in the same

Civil No. 22-1610 (FAB)                                                                 16

position [he] would have occupied had [he] not been convicted under section 924(c) in the first place." Id. at 62.

### IV. Conclusion

For the above reasons González's motion to vacate his conviction on Count Five pursuant to section 2255 is **GRANTED**. (Civil Docket No. 1.) González shall be resentenced *de novo* on Count Two of the indictment to which he pled guilty. The Court orders the United States Probation Office to prepare a revised Presentence Investigation Report.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, August 1, 2025.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE